**INTERNATIONAL UNION UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL NO. 283, Complainant,**

v.

**WISCONSIN MOTOR CORPORATION, Respondent.**

No. 64–C–237.

United States District Court
E. D. Wisconsin.

May 4, 1967.

**900**

Irvin B. Charne, Milwaukee, Wis., for complainant.

Herbert P. Wiedemann and Robert K. Drummond, Milwaukee, Wis., for respondent.

### OPINION AND ORDER

REYNOLDS, District Judge.

This action was removed by respondent (hereinafter referred to as "Company") from the Wisconsin Employment Relations Board where complainant (hereinafter referred to as "Union") had filed a complaint alleging that the Company had violated the collective bargaining agreement existing between the parties. Jurisdiction is founded on 29 U.S.C.A. §§ 142 and 185.

■ The underlying dispute involves a Company employee, Gilbert Shusky, who sought to have his job reclassified because of changes in job content. The complaint alleges that after the Company refused Shusky's request, he signed an Employee Grievance. The complaint further alleges that on two occasions,

at Step 2 Grievance Meetings, the Union attempted to discuss the Shusky dispute but the Company refused to do so. It is also alleged that the Company thereafter refused to discuss the grievance at Step 3 and Step 4 of the Grievance Procedure. Thereafter the Union filed this complaint alleging that the Company had violated the collective bargaining agreement existing between the Company and the Union by refusing to process the Shusky grievance. The Company, after removal, answered and subsequently moved for judgment on the pleadings on the ground that the Union failed to state a claim upon which relief can be granted. Affidavits in support of and in opposition to this motion have been filed, and consequently this court will treat the motion as a motion for summary judgment. Rule 12(c), Federal Rules of Civil Procedure.

The position of the Company is that requests for job reclassification because of alleged change in job content, such as Shusky's are, to be resolved through bargaining rather than through the Grievance Procedure as is contended by the Union. In support of its position, the Company refers to the following provisions of the collective bargaining agreement:

"9. Section 2—In the event a change of job content occurs that requires a change in classification, the Company Representatives shall meet with the Union Bargaining Committee to discuss and process same. * * *

* * * * * *

"130. Section 3—The Company also agrees to discuss job classification changes with the Union Executive Board any time during the life of the contract providing the job content of the classification has changed."

The Company's position both before the complaint was filed and now is that it is willing to submit to arbitration the issue of whether job reclassification is a matter for bargaining under the above-quoted provisions or is a matter to be resolved under the Grievance Procedure set forth in the contract.

The position of the Union is that arbitration is not available to determine whether job reclassification disputes are to be resolved by bargaining or by the contractual Grievance Procedure because the company has "refused to discuss the grievance in the pre-arbitration steps as required by the contract and, in effect, refused to process this grievance as a grievance." (Complainant's brief, page 4.)

However, it appears that if the Company were to process the dispute—should Shusky's job be reclassified because of alleged change in job content—as a grievance, it would be forced to concede the issue it is raising, that is: Is job reclassification a proper subject for bargaining or for the Grievance Procedure under the collective bargaining agreement?

██ The relief sought in the complaint—that the Company violated the agreement by refusing to process the grievance—would involve a court determination that job reclassification is a proper subject for the Grievance Procedure. In so holding, a court would have to venture into forbidden territory, since it would determine that job reclassification is not a subject for bargaining under paragraph 9, section 2, and paragraph 130, section 3, as set forth above. Judicial interpretation of substantive provisions of a collective bargaining agreement is not permitted. Such interpretations are for the arbitrator. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The dispute concerning the interpretation of the job reclassification provisions is one properly to be resolved under the arbitration provisions of the agreement.

The affidavits filed are concerned with prior practice between the parties with respect to job reclassification. The issue raised by these affidavits is not material to the issue before this court: Is there a dispute as to the interpretations of the labor agreement? These affidavits may

well go to the merits of the problem to be arbitrated but do not create a genuine issue of material fact in this action.

For the foregoing reasons,

It is ordered that respondent's motion for summary judgment must be and it is hereby granted.

It is further ordered that the clerk enter judgment in favor of the respondent and against the complainant.